IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Edward Hanks, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 24 C 7553 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Brittany Greene, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Edward Hanks was convicted in a jury trial in the Circuit Court of Cook County in 1997. R. 20-4. He now brings a federal habeas corpus petition under 28 U.S.C. § 2254 and sets forth four claims: (1) actual innocence; (2) denial of due process based on delays in postconviction proceedings; (3) denial of due process because of juror bias; and (4) ineffective assistance of counsel. R. 1 at 5–8. For the reasons stated below, the petition is denied.

**Discussion**

**I. Actual Innocence**

Petitioner sets forth a stand-alone claim of actual innocence. R. 1 at 5. But the "Supreme Court has not recognized a petitioner's right to habeas relief based on a stand-alone claim of actual innocence." *Lund v. United States*, 913 F.3d 665, 668 (7th Cir. 2019). "Nor has [the Seventh Circuit] ever acknowledged such a claim." *Cal v. Garnett*, 991 F.3d 843, 851 (7th Cir. 2021). "[T]he Supreme Court has suggested (without definitively holding) that claims of actual innocence may be enough to justify collateral relief in capital cases on the theory that executing an actually innocent person violates the Eighth Amendment." *Id.* Apart from the potential exception for capital cases, the Supreme Court's "habeas jurisprudence makes clear that a claim of actual innocence is

not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Perrone v. United States*, 889 F.3d 898, 903 (7th Cir. 2018).

This is not a capital case. R. 1 at 1. Nor is Petitioner raising actual innocence as a gateway to excuse procedural default. *Id.* at 5. Rather, Petitioner brings a stand-alone claim for habeas relief based on actual innocence. *Id*. But the Court cannot grant habeas relief based on a claim that neither the Supreme Court nor the Seventh Circuit has recognized as cognizable. *See Cole v. Pfister*, 2018 WL 1508483, at *9 (N.D. Ill. Mar. 27, 2018) (explaining that courts in the Northern District "routinely reject" freestanding claims of actual innocence). The Court thus denies relief on Petitioner's actual innocence claim.

## II.   Due Process: Delays in Postconviction Proceedings

Petitioner claims that he was denied due process because of "excessive delays" of post-conviction hearings. R. 1 at 8. But "the Constitution does not guarantee any postconviction process, much less specific rights during a postconviction hearing." *Flores-Ramirez v. Foster*, 811 F.3d 861, 866 (7th Cir. 2016). As such, Petitioner's claim that his postconviction proceedings were excessively delayed does not provide a basis to conclude that he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); In other words, "federal habeas corpus cannot remedy a delay in a state collateral proceeding because such an error has absolutely nothing to do with the reason for a defendant's confinement." *Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir. 1997). The Court thus denies relief on Petitioner's due process claim regarding delays in postconviction proceedings.

**III.     Due Process: Juror Bias**

Petitioner claims that he was denied due process because one of the jurors, Aura Alvarez, was biased against him. R. 1 at 7. After the jury returned its verdict in Petitioner's trial, Petitioner informed his trial counsel and the trial court that Alvarez had worked with him and his brother thirteen years earlier in 1984 in the housekeeping department of a chain hotel. R. 20-14 ¶ 8. Petitioner had not recognized Alvarez during jury selection, but Petitioner's brother had recognized Alvarez when the brother later attended the trial. *Id.* In 1984, Petitioner had been previously convicted of sexually assaulting a guest at the hotel, and Petitioner asserted that Alvarez may have been aware of this prior conviction while she was serving on the jury. *Id.*

The state prosecutor and an investigator then interviewed Alvarez. R. 20-21 at 10–13. Petitioner's counsel did not object to this post-trial interview and did not ask to examine Alvarez herself. *Id.* During the interview, Alvarez stated that she did not recognize Petitioner or anyone else involved in the trial, that she had never personally worked with Petitioner at the hotel, and that she did not know Petitioner had been arrested at the hotel. *Id.* This statement was consistent with Alvarez's voir dire, where she indicated that she did know the Petitioner and testified that she could be a fair juror to both sides. *Id.* at 205, 232. She also testified during voir dire that she had been a housekeeper at the Hyatt Regency for the past twenty-two years. *Id.* at 228.

The trial court found that the defense was on notice during *voir dire* that Alvarez worked at the Hyatt Regency in 1984 and had a duty to object to her selection on that basis if it had such an objection. R. 20-21 at 10–13. The trial court further found that Alvarez's employment at the hotel had not impacted the verdict in any way given that she had indicated during voir dire that she did not know Petitioner and could give him a fair trial, and given that she later confirmed to the prosecutor that she did not know Petitioner or know of his 1984 conviction. *Id.*

3

Petitioner sought post-conviction relief before the Illinois Appellate Court. R. 20-18. The Appellate Court found that Petitioner had failed to establish by a preponderance of evidence that Alvarez had been biased. *Id.* at ¶ 19. Specifically, the Appellate Court explained that due process "'does not require a new trial every time a juror has been placed in a potentially compromising situation . . . [but, rather] means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen.'" *Id.* ¶ 19 (citing *Smith v. Phillips*, 455 U.S. 209, 217 (1982)). Based on this standard for due process, the Appellate Court rejected the claim that Alvarez had been unconstitutionally biased. *Id.* ¶ 26.

A federal court may not grant habeas relief unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). To show that a state court unreasonably applied federal law, a habeas petitioner must show that the court's ruling was "not merely wrong" but "objectively unreasonable," meaning that it was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Virginia v. LeBlanc*, 582 U.S. 91, 94 (2017) (citations omitted).

Here, the Appellate Court did not unreasonably apply federal law. Indeed, as the Seventh Circuit has explained, "mere speculation concerning prejudice to the defendant is not sufficient to warrant reversal." *Whitehead v. Cowan*, 263 F.3d 708, 726 (7th Cir. 2001). Petitioner speculates that Alvarez may have been biased. But her voir dire testimony and post-trial interview indicate otherwise. The Appellate Court reasonably concluded that Petitioner failed to show that Alvarez had been biased. The Court thus denies relief on Petitioner's due process claim regarding juror bias.

## IV. Ineffective Assistance of Counsel

Petitioner claims ineffective assistance of counsel because his counsel did not raise the issue of juror bias on direct appeal. R. 1 at 7. Though Petitioner's counsel may have failed to raise the issue on direct appeal, the Appellate Court ultimately addressed the issue later on in postconviction proceedings and rejected the argument. R. 20-18 ¶¶ 4, 26. As the Seventh Circuit has held, "[f]ailure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996). As discussed above, Petitioner's argument regarding juror bias is a losing argument. As such, the failure to raise the argument does not constitute ineffective assistance of counsel. The Court thus denies relief on Petitioner's ineffective assistance of counsel claim.

## Conclusion

For the reasons stated above, the petition [1], [4] for writ of habeas corpus is denied. The case is terminated.

SO ORDERED.                              ENTERED: September 22, 2025

**HON. JORGE L. ALONSO**
**United States District Judge**